FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 07 2018

JAMES W. McCORMACK, CLERK
.By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

PAUL DARROUGH, on behalf of
Himself and all Others Similarly
Situated                                                                      PLAINTIFFS

VS.                                        CASE NO: 4:18-cv-113-JLH

MARK GOBER, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY
And John Does 1-10.                                                    DEFENDANTS

This case assigned to District Judge _Holmes_
and to Magistrate Judge _Deere_

## COMPLAINT

COMES PLAINTIFF, by and through Counsel and for this Complaint each states:

### PARTIES AND JURISDICTION

1.      Plaintiff Paul Darrough is a resident and citizen of the State of Arkansas, who was arrested by Mark Gober who used excessive force against each Plaintiff. All Defendants are sued in their individual and official capacity for violation of the Plaintiff's state and federal constitutional rights, as allowed by 42 USC 1983 and the Arkansas Civil Rights Act of 1993. Mark Gober is sued in his official capacity as the Sheriff of Drew County for failure to assure the Plaintiff received a prompt first appearance as required by Arkansas Rule 8.3 and abusing the process by maliciously causing to frivolous charges to be filed against the Plaintiff because he exercised his First Amendment rights. Mark Gober is now the Sheriff of Drew County, Arkansas. Accordingly this Court has federal question subject matter jurisdiction under 28 U.S.C. §1331, as well as supplemental jurisdiction over Plaintiff's state claims under 28 U.S.C. §1367. The John Does are law enforcement officers who failed to intervene during Gober's interactions with the Plaintff. Venue is proper under 28 U.S.C. §1391. All actions were taken under color of state law. Sheriff Gober is a policymaker for the purposes alleged herein.

## GENERAL ALLEGATIONS OF FACTS

2.  In October of 2016, Sheriff Gober seized Plaintiff's rims, which were worth about $500.00, without any process at all and converted them. Plaintiff protested, and this was speech protected by the 1st Amendment. Then, Sheriff Gober and the law enforcement began a calculated course of conduct to bring baseless charges against the Plaintiff.

3.  Eventually, Sheriff Gober caused charges to be filed against the Plaintiff.

4.  All charges were ultimately dismissed in Plaintiff's favor.

5.  The charges were without a basis in fact and were filed simply to chill the exercise of Plaintiff's First Amendment rights.

6.  In May of 2017, Mark Gober arrested the Plaintiff without a proper warrant, and when Plaintiff protested Sheriff Gober beat Plaintiff without mercy for no good reason.

7.  Plaintiff, at all times during his arrest, obeyed the instructions of Mark Gober. He was falsely charged without probable cause. Indeed, all charges were dismissed within the past year.

8.  Plaintiff protested the lack of the warrant, as was his 1st Amendment right, then Gober began beating him, causing Plaintiff to cut his wrists and hurt his back.

9.  Plaintiff was then transported to the Drew County County Detention Center, where he did not see a Judge until he had been in jail for approximately 4 weeks.

## COUNT I-EXCESSIVE FORCE/DUE PROCESS

10.  Plaintiff realleges the foregoing, as if fully set out herein.

11.  Plaintiff had a clearly established right to be free from excessive force under the Fourth Amendment of the United States Constitution and the Arkansas Constitution and a right to substantive and procedural Due Process including the right to a prompt 1st Appearance. The conduct alleged herein shocks the conscious and is, at the very least, the result of a failure to train, if not an actual policy choice by Sheriff Gober. At worst, the conduct represents a informal policy and custom fostered by Gober.

12. As alleged above, Gober used more force than was reasonable necessary to effectuate the arrest, resulting in serious injury or property damage to Plaintiff, as alleged above.

13. Plaintiff's rights to be free from excessive force and Due Process have been violated.

14. The John Does were not properly trained in the use of force, nor did the Gober implement appropriate policies to prevent the use of reasonably foreseeable force. The John Does failed to intervene.

15. As direct and proximate cause of the Gober's failure to train and the officers use of excessive force, Plaintiff has suffered severe mental and emotional distress, experienced excessive mental or physical pain, and incurred other expenses in an amount to be proven at trial.

16. Plaintiff pleads for punitive damages against the officers in their individual capacities under federal law, but pleads for punitive damages against the officers in both their official and personal capacities under the ACRA of 1993.

## COUNT II- CLASS ALLEGATIONS

17. Plaintiff realleges the foregoing against Gober as if fully set out herein.

18. Gober had a duty to ensure that Plaintiff received a prompt first appearance. But they failed. It was within his power to provide Plaintiff a First Appearance, but he failed. Each had the keys to the jail cell." The Sheriff had, in effect, the ability to set bond and release persons incarcerated in his jail as well.

19. Gober failed to ensure Plaintiff received a prompt first appearance. In fact, Gober has a will call and bond policy that is clearly unconstitutional. As a result of this will call and bond policy, Plaintiff, as well as other pre-trial detainees, have been denied their right to a prompt first appearance in violation of the United States Constitution and the Arkansas Constitution, has been forced to endure unconstitutional jail condition in violation of the 8th and

14th Amendments, and have been denied their ability to contact counsel in violation of the 1st Amendment.

20.     The class consists of all persons, who within three years prior to the filing of this lawsuit have been denied a prompt first appearance by Gober and who have been incarcerated in the Drew County jail and subjected to the jail conditions herein alleged.  The exact number of the class is unknown, but it is believed to exceed 100 (one hundred).

21.     Plaintiff's claims are typical of the class and there are common issues of fact.

22.     These issues include, but are not limited to whether Gober had a will call policy that has lead to the deprivation of the constitutional rights granted the Plaintiff and the class, as well as whether the terms and conditions of the jail subjected the Class to unconstitutional conditions of confinement subjecting Plaintiff and the Class to Cruel and Unusual Punishment and denying him Due Process.

23.     A class action is a superior means of adjudicating this controversy.  Indeed, common issues of fact and questions of law predominate over individual issues.

24.     Plaintiff and his counsel are competent to represent the class.  He seeks certification under Rule 23 (b)(1), (b)(2), and (b)(3).

25.     As direct result of the failure to provide Plaintiff and the Class with a prompt first appearance, Plaintiff has suffered severe mental and emotional distress, been incarcerated, subjected to unconstitutional conditions of confinement such that the 8th Amendment and Due Process is implicated and incurred other damages in an amount to be proven at trial.

26.     Should this matter not be certified as a class, Plaintiff pleads for appropriate compensatory and punitive damages against Gober under the ACRA.

## COUNT III

27. Plaintiff re-alleges the forgoing against the Gober as if fully set out herein.

28. Plaintiff brings this action for violation of his Fourth Amendment Rights to be free from illegal search and seizure, for violation of his right to be free from cruel and

unusual punishment, for deprivation of Plaintiff's due process rights, under the Fourteenth Amendment of the United States Constitution, and the Arkansas Constitution. By virtue of the facts alleged herein, Gober committed an assault or battery upon Plaintiff and stole Plaintiff's rims, such that the conduct alleged herein constitutes a felony under Arkansas State law.

29. Further, Defendants are sued under the common law, as well as violation of the Arkansas Felony Tort Act, as specifically alleged above. Each aided and abetted the other in the commission of felonies described above

30. As a direct and proximate cause of Defendants' acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, and incurred other damages in an amount to be proven at trial.

31. Defendants' actions have been so egregious so as to warrant the imposition of punitive damages against Gober.

## COUNT IV

32. Plaintiff re-alleges the forgoing against the Gober as if fully set out herein.

33. Plaintiff brings this action for violation of his First Amendment rights, for deprivation of Plaintiff's due process rights, under the Fourteenth Amendment of the United States Constitution, and the Arkansas Constitution.

34. Plaintiff exercised his 1st Amendment rights to complain about the theft of his rooms and the use of excessive force against him.

35. In retaliation for the exercise of these clearly established 1st Amendment rights, Gober caused false and baseless charges to be filed against the Plaintiff and ordered Plaintiff held for 30 days without seeing a Judge.

36. All charges were resolved in Plaintiff's favor.

37. Further, Defendants are sued under the common law for abuse of process and malicious prosecution. Each Defendant aided and abetted the other in the

commission of felonies described above

38. As a direct and proximate cause of Defendants' acts and omissions alleged herein, Plaintiff has suffered severe mental and emotional distress, incurred legal fees, and incurred other damages in an amount to be proven at trial.

39. Defendants' actions have been so egregious so as to warrant the imposition of punitive damages against Gober.

WHEREFORE Plaintiff prays for an Order certifying the class described above, for appropriate compensatory and punitive damages, for a trial by jury, for appropriate declaratory and injunctive relief requiring the Sheriff Gober to provide Plaintiff and the class with a prompt first appearance, for an Order shutting the Drew County jail down or requiring remediation, for reasonable attorney's fees, for costs, and for all other proper relief.

Respectfully submitted,

SUTTER & GILLHAM, P.L.L.C.
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501-315-1910  Office
501-315-1916  Facsimile
Attorney for the Plaintiff

By:   /s/ Luther Oneal Sutter
Luther Oneal Sutter, AR Bar No. 95031
luthersutter@yahoo.com